UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY ROY CROSBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00362-JPH-MJD |
| ) | |
| J. BRADLEY, ) | |
| USP - Terre Haute, ) | |
| ) | |
| Respondents.[1] ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jeffrey Roy Crosby, a federal inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding identified as Incident Report No. 3396395. Dkt. 1. For the reasons explained in this Order, Mr. Crosby's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

**I.  Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written

---

[1] The Court notes that Mr. Crosby named Disciplinary Hearing Officer J. Bradley and USP – Terre Haute as respondents. "Whenever a [28 U.S.C.] § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

**The clerk is directed to substitute** Warden, USP Terre Haute, as the correct and only respondent in this action.

1

statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones*, 637 F.3d at 845 (same for federal inmates).

**II.     Disciplinary Proceeding**

On May 8, 2020, Officer Hoffman issued an Incident Report charging Mr. Crosby with a violation of Prohibited Act Code 208. Dkt. 9-1 at 22. The Incident Report states:

> At approx. 07:30 a.m., I, S.O.S. Z. Hoffman, was working day watch in the USP F-2 Unit. At which time a duress alarm activated audibly from the duress alarm panel, it was F-2 cell 217. Inmate Crosby, Jeffery #01961-043 currently resides in this cell. Upon approaching inmate Crosby's cell door, I could visibly see him in the window waiting for an Officer. I asked inmate Crosby what his medical emergency was, he stated "I don't have one Hoffman, I have a call out at 7:30 a.m." I informed inmate Crosby that the inmate duress button system is not an "Officer call button" and he would be receiving an incident report for the improper use of a security device. I then departed the cell door with no further incident.

*Id.*

Mr. Crosby received a copy of the Incident Report notifying him of the charge on the same day, *id*., and again on May 12, 2020, *id*. at 25. During the investigation, Mr. Crosby said, "I had a call out, so I hit it. I am sick of people not listening to me." *Id*. at 23. He told the Unit Disciplinary Committee ("UDC") that he "pushed the button because [he] wanted them to know that [he] had to be at medical for a call out. The button says 'call' on the panel." *Id*. at 22. The Incident Report was forwarded to a disciplinary hearing officer ("DHO") for further review. *Id.* On May 12, 2020, Mr. Crosby was advised of his rights before his hearing with the DHO, and he requested a lay advocate and one inmate witness who would testify that Mr. Crosby had a medical call out on the day of the incident. *Id*. at 25.

The DHO held Mr. Crosby's disciplinary hearing on May 31, 2020. Dkt 9-1 at 19. At the hearing Mr. Crosby said, "I hit the button. I had a medical call out." *Id*. The evidence presented at the hearing included the Incident Report and investigation notes, the witness statement, and Mr. Crosby's statements. *Id*. at 20. Based on this evidence, the DHO found Mr. Crosby guilty. *Id*. The sanction imposed included the loss of twenty-seven good time credit days. *Id*.

## III. Analysis

In his petition, Mr. Crosby asserts that he "did nothing against Bureau of Prisons policy, or against laws, or the Constitution," but he was sanctioned anyway. Dkt. 1 at 2-3. He also asserts his Eight Amendment rights were violated because he was sanctioned with good-time credit loss and because he was subjected to contracting COVID-19. *Id.* The Court construes that based on these arguments, Mr. Crosby raises two grounds for relief: 1) that there was insufficient evidence to support the charged offense, and 2) that his sanction was excessive. *Id.*

### 1. Sufficiency of the Evidence

Mr. Crosby alleges there was insufficient evidence to support the DHO's finding of guilt. *Id*. at 2. Mr. Crosby admits to pressing the "call" button, *id*. at 3, but argues it is not a "duress" or "emergency" button, nor is there a Bureau of Prisons ("BOP") policy regarding how to use these buttons, *id.*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. In assessing whether there is some evidence, the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

The incident report alone can provide some evidence for the decision. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The BOP defines Prohibited Act 208, in relevant part, as "improperly using any security device, mechanism, or procedure." Dkt. 9-1 at 22; *see also* https://www.bop.gov/policy/progstat/5270_009.pdf at 47 (last visited July 11, 2022). There is evidence in the record that Mr. Crosby pushed the button in his cell to inform the officers he needed to show up for medical call out. The incident report indicates that the tool Mr. Crosby used to alert the officers of his scheduled medical appointment is a "duress" button that activates a duress alarm, as it did here. Dkt. 9-1 at 22. But when Officer Hoffman arrived, Mr. Crosby stated he did not have a medical emergency. *Id.* at 22. The incident report stated the "duress" button is not an "Officer call button" for non-emergencies. *Id.* Further, Mr. Crosby's inmate witness statement corroborated that Mr. Crosby was not suffering from a medical emergency but instead was scheduled for a chronic care visit and that "he hit the panic button, to get the CO to come to the cell." *Id.* at 27. Although Mr. Crosby was concerned about his physical health, dkt. 1-1 at 2, there is some evidence that he improperly used the duress alarm. Indeed, the DHO considered the incident report, information from Mr. Crosby's witness, and Mr. Crosby's statements, to find "some evidence" of the charge that Mr. Crosby improperly used a security device--the duress button. It was within the purview of the DHO to assign greater weight to this evidence in support of this disciplinary conviction. The Court finds that the meager threshold of "some evidence" has been crossed, and that Mr. Crosby is not entitled to habeas relief on this ground.

To the extent Mr. Crosby argues that the BOP failed to follow policies and procedures related to this incident, he is not entitled to relief on these grounds. "A habeas claim cannot be sustained solely upon a violation of BOP policy because non-compliance with a BOP program statement is not a violation of federal law." *Solans v. Krueger*, 2018 WL 4181702, at *2 (S.D. Ind. Aug. 31, 2018). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. See *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

## 2. Appropriateness of the Sanction

Mr. Crosby also alleged his sanction was excessive. Dkt. 1 at 3-4. He was charged with Prohibited Act 208 and disallowed twenty-seven good time credit days. Dkt. 9-1 at 20. This sanction is in line with BOP policies for this kind of sanction. Dkt. 9-1 at 1; *see also* https://www.bop.gov/policy/progstat/5270_009.pdf at 47 (last visited July 13, 2022) (Available sanctions for high severity level prohibited acts like prohibited act 208 include disallowing between 25% and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended). Therefore, Mr. Crosby cannot obtain relief. *See United States v. Yu Tian Li*, 615 F.3d 752, 757 (7th Cir. 2010) (punishment is excessive only if it is

"grossly disproportional" to the crime or "otherwise does not bear some relationship to the gravity of the offense that it is designed to punish.").

Finally, to the extent that Mr. Crosby raises issues about being transferred to a particular unit rather than being quarantined such that he was exposed to COVID-19 or regarding his ability to raise medical complaints, these are not grounds for habeas relief because they do not challenge Mr. Crosby's conviction nor the duration of his custody. *See Preiser v. Rodriguez*, 411 U.S 475, 490 (1973); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). These claims should be brought in a civil action and do not belong in a habeas action.

### III.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Crosby to the relief he seeks.

Accordingly, Mr. Crosby's petition for a writ of habeas corpus must be **DENIED**. This action is **DISMISSED**.

Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 2/9/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFREY ROY CROSBY
01961-043
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov